**STATUS CONFERENCE PROCEDURES
FOR THE HON. MARTIN R. BARASH**

The Court holds status conferences in all adversary proceedings and in chapter 11 cases. An initial status conference in adversary proceedings will be set for a date that is approximately 60 days after commencement of the proceeding. An initial status conference in chapter 11 cases will be set for a date that is approximately 30-40 days after the case is filed.

The trial counsel for each of the parties must appear at the initial status conference in adversary proceedings. The debtor, counsel to the debtor, and counsel to any creditors committee or equity committee appointed in the case must appear in person at the initial chapter 11 status conference. Unless otherwise ordered by the Court, parties and counsel may attend subsequent status conferences telephonically in accordance with Judge Barash's telephonic appearance procedures.[1]

A copy of these instructions must be attached to every complaint served in an adversary proceeding. The party serving such complaint must attach as Exhibit A hereto a copy of Local Bankruptcy Rules ("LBR") Form F 7016-1.STATUS.REPORT. The proof of service for the complaint must expressly indicate that a copy of these instructions was served with the complaint.

### I. STATUS REPORTS: ADVERSARY PROCEEDINGS

A thorough, written status report, filed fourteen days in advance, is required before **every initial or continued** adversary proceeding status conference.

For adversary proceeding status conferences, the status report must be a joint status report in a form substantially similar to LBR Form F 7016-1.STATUS.REPORT. This form is available on the Court's website. Failure to file a joint status report may result in the imposition of monetary sanctions or the status conference being continued and parties being ordered to redo the status report to conform to the Local Bankruptcy Rule Form.

Pursuant to LBR 7016-1(a)(3), if a defendant has not responded to the complaint or fails to cooperate in the preparation of a joint status report, the plaintiff is required to file a unilateral status report not less than seven days before the date scheduled for the status conference. This unilateral status report must contain the information in Sections A–E of LBR F 7016-1.STATUS.REPORT. The unilateral status report shall include a declaration setting forth the attempts made by the plaintiff to contact or obtain the cooperation of the defendant in the preparation of a joint status report.

---

[1] These procedures available on the Court's website, www.cacb.uscourts.gov, by clicking on the "Judges" menu, selecting "Our Judges," selecting Hon. Martin R. Barash, and thereafter selecting the "Instructions/ Procedures" tab.

**A. Limited Exceptions Where Status Report Not Required.**

A status report (either joint or unilateral) is not required *only* in the following limited circumstances:

1. The matter is an adversary proceeding and, prior to the date scheduled for the status conference, the Court has entered an order approving a stipulation that resolves all issues raised by the adversary proceeding and provides either for dismissal of the action in its entirety or the entry of judgment in the action;

2. Prior to the date scheduled for the status conference, the Court has entered an order approving a stipulation continuing the status conference to a later date (a written status report must be filed not less than fourteen days in advance of the continued status conference date); or

3. The Court has expressly relieved the parties of the obligation to file a written status report.

**Unless one of the three exceptions outlined above applies, a status report must be filed in a timely manner.  Parties that fail to do so will be subject to a minimum sanction of $150 or such other sanctions as may be warranted under the circumstances or allowed under LBR 7016-1(f).**

**Failure to appear for a status conference in an adversary proceeding may also result in a minimum sanction of $250, dismissal of the adversary proceeding for failure to prosecute, or such other sanctions as may be warranted under the circumstances or allowed under LBR 7016-1(f).**

**B. OTHER PROCEDURAL MATTERS RE: ADVERSARY PROCEEDINGS**

**1. Default**

If a response to the complaint is not timely filed, the plaintiff should file a request for entry of default by the clerk. The plaintiff also may request entry of a default judgment by filing and serving (if necessary) an appropriate motion.  *See* Fed. R. Bankr. P. 7055 and LBR 9021-1(d); LBR 7055-1.  Upon the filing of such a motion, the plaintiff shall concurrently lodge a proposed form of default judgment.

**2. Authority to Enter Final Judgment**

Any party contending that the Court cannot enter a final judgment or order in an adversary proceeding must file and serve a memorandum of points and authorities and evidence in support of its position no less than fourteen days before the initial status conference.  **Failure to timely file and serve such memorandum and evidence in support thereof will be deemed consent to entry by the Court of a final judgment or order in the Adversary Proceeding.**

Any responsive memorandum and evidence in support of the Court's authority to enter a final judgment or order in an adversary proceeding must be filed at least seven days before the initial status conference.

### 3. Jury Trial

Any party claiming a right to trial by jury must make a timely demand as set forth in LBR 9015-2. Any party asserting a right to a jury trial must file and serve a memorandum of points and authorities and evidence in support of its position no less than fourteen days before the initial status conference. Any response must be filed at least seven days before the initial status conference. **If a party does not file and serve its papers in a timely manner, that failure may be deemed consent to whatever determination the Court makes.**

### 4. Scheduling Order.

Unless otherwise ordered by the Court, within seven days after the initial status conference, the plaintiff must lodge a scheduling order consistent with the Court's determinations at that status conference.

## II.   STATUS REPORTS: CHAPTER 11 CASES

A thorough, written status report, filed fourteen days in advance, is required before **every initial or continued** chapter 11 status conference, unless the Court has expressly relieved the Debtor of the obligation to file a written status report. Failure to do so may result in sanctions including dismissal, conversion, or the appointment of a trustee. Unless otherwise ordered by the Court, each chapter 11 status report must contain the following:[2]

A. A brief description of the Debtor's business and operations, if any, and the principal assets and liabilities of the estate.

B. Brief answers to the following questions:

  1. What precipitated the filing of this case?

  2. What does the Debtor hope to accomplish in this case?

  3. What are the principal business and financial problems facing the Debtor and how does the Debtor intend to address these problems?

  4. What are the main legal disputes facing the Debtor and likely to be encountered during this case, and how does the Debtor recommend that these disputes be resolved?

  5. What is the Debtor's estimate regarding timing for confirmation of a plan?

  6. Is the Debtor a "health care business" as defined in 11 U.S.C. § 101(27A)?

  7. Is the Debtor a small business debtor as defined in 11 U.S.C. § 101(51D)?

---

[2] Subsequent chapter 11 status reports should be sure to highlight changes and developments since the previous chapter 11 status report.

    8. Is this case a single asset real estate case as contemplated in 11 U.S.C. §101(51B)?

    9. Has the Debtor complied with all of its duties under 11 U.S.C. §§ 521, 1106, 1107, F.R.B.P. 1007 and all applicable guidelines of the Office of the United States Trustee?

    10. Do any parties claim an interest in cash collateral of the Debtor? Is the Debtor using cash that any party claims as its cash collateral, and if so, on what date did the Debtor obtain an order authorizing the use of such cash or the consent of the party?

C. The identity of all professionals retained or to be retained by the estate, the dates on which applications for the employment of such professionals were filed or submitted to the United States Trustee, the dates on which orders were entered regarding such applications (if any), and a general description of the services to be rendered by each such professional. The initial status report should include an estimate of the expected amount of compensation for each professional. Subsequent status reports should provide estimates of the amounts actually incurred, as well as updated estimates of the additional fees and expenses anticipated.

D. In operating cases, evidence regarding projected income, expenses, and cash flow. In the initial status report, this should cover the first six months of the case and contain a comparison to actual results for the 12 months preceding the filing of the case. In subsequent reports, this should show actual performance during the case, a comparison to the Debtor's postpetition budget, and a projection of six months going forward.

E. In the initial status report, proposed deadlines for the filing of claims and objections to claims. In subsequent reports, the status of efforts to resolve and/or object to claims.

F. A discussion of the unexpired leases and executory contracts to which the Debtor is a party, including the Debtor's intentions, a proposed timetable for addressing such leases and contracts, and the status of those efforts.

G. In the initial status report, whether the Debtor anticipates the sale of any estate assets by motion or in connection with a plan. In subsequent reports, the status of those efforts.

H. In the initial status report, a proposed deadline for the filing of a disclosure statement and plan, as well as a description any progress made towards developing and/or negotiating a plan. In subsequent reports, the status of those efforts.

EXHIBIT A

(The plaintiff shall attach a copy of Local Rule Form
F 7016-1.STATUS.REPORT here)