BEALL & BURKHARDT, APC
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
CARISSA N. HOROWITZ, STATE BAR NO. 274814
SUITE 200, LA ARCADA BUILDING
1114 STATE STREET
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774

Attorneys for GRL, LLC and GLR, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI Cat Canyon, Inc.,<br><br>    Debtor.<br>_____<br><br>Michael A. McConnell, Chapter 11 Trustee,<br><br>    Plaintiff.<br>vs.<br><br>GRL, LLC and GLR, LLC,<br><br>    Defendants.<br>_____<br><br>GRL, LLC and GLR, LLC,<br><br>    Counterclaimant,<br><br>Vs.<br><br>Michael A. McConnell, Chapter 11 Trustee,<br><br>    Counterdefendant. | Bk. No. 9:19-bk-11573-MB<br>Chapter 11<br><br>Adversary No. 9:20-ap-01006-MB<br><br>**ANSWER AND COUNTERCLAIM**<br><br>Date: March 12, 2020<br>Time: 10:00 a.m.<br>Place: 1415 State Street<br>       Courtroom 201<br>       Santa Barbara, CA 93101 |

Defendants GRL, LLC and GLR, LLC bring their answer and counterclaim as follows:

1

1. As for the allegations contained in paragraph 1 of the complaint, defendants admit the allegations contained therein.

2. As for the allegations contained in paragraph 2 of the complaint, defendants admit the allegations contained therein.

3. As for the allegations contained in paragraph 3 of the complaint, defendants admit the allegations contained therein.

4. As for the allegations contained in paragraph 4 of the complaint, defendants admit the allegations contained therein.

5. As for the allegations contained in paragraph 5 of the complaint, defendants admit the allegations contained therein.

6. As for the allegations contained in paragraph 6 of the complaint, defendants admit the allegations contained therein.

7. As for the allegations contained in paragraph 7 of the complaint, defendants admit the allegations contained therein.

8. Paragraph 8 of the complaint requires no response. Nothing in this answer should be taken as admitting any liability to be joint and several liability.

9. As for the allegations contained in paragraph 9 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

10. As for the allegations contained in paragraph 10 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

11. As for the allegations contained in paragraph 11 of the complaint, defendants admit the allegations contained therein.

12. As for the allegations contained in paragraph 12 of the complaint, defendants admit the allegations contained therein.

13. As for the allegations contained in paragraph 13 of the complaint, defendants admit the allegations contained therein.

14. As for the allegations contained in paragraph 14 of the complaint, defendants admit the allegations contained therein.

15. As for the allegations contained in paragraph 15 of the complaint, defendants admit the allegations contained therein.

16. As for the allegations contained in paragraph 16 of the complaint, defendants admit the allegations contained therein.

17. As for the allegations contained in paragraph 17 of the complaint, Defendants are without sufficient information to permit them to respond to said paragraph, and by reason thereof deny each and every allegation in said paragraph and the whole thereof.

18. As for the allegations contained in paragraph 18 of the complaint, Defendants are without sufficient information to permit them to respond to said paragraph, and by reason thereof deny each and every allegation in said paragraph and the whole thereof.

19. As for the allegations contained in paragraph 19 of the complaint, Defendants are without sufficient information to permit them to respond to said paragraph, and by reason thereof deny each and every allegation in said paragraph and the whole thereof.

20. As for the allegations contained in paragraph 20 of the complaint, Defendants deny that the Quitclaim Deed purports to transfer any interest, and by reason thereof deny each and every allegation in said paragraph and the whole thereof.

21. As for the allegations contained in paragraph 21 of the complaint, Defendants deny that the Quitclaim Deed purports to transfer any interest, and by reason thereof deny each and every allegation in said paragraph and the whole thereof.

22. As for the allegations contained in paragraph 22 of the complaint, Defendants deny that the Quitclaim Deed purports to transfer any interest, and by reason thereof deny each and every allegation in said paragraph and the whole thereof.

23. Paragraph 23 of the complaint requires no response.

24. Paragraph 24 of the complaint requires no response.

25. As for the allegations contained in paragraph 25 of the complaint, defendants admit the allegations contained therein.

26. As for the allegations contained in paragraph 26 of the complaint, defendants reallege their response as are set forth herein.

27. As for the allegations contained in paragraph 27 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

28. As for the allegations contained in paragraph 28 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

29. As for the allegations contained in paragraph 29 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

30. As for the allegations contained in paragraph 30 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

31. As for the allegations contained in paragraph 31 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

32. As for the allegations contained in paragraph 32 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

33. As for the allegations contained in paragraph 33 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

34. As for the allegations contained in paragraph 34 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

35. As for the allegations contained in paragraph 35 of the complaint, defendants reallege their response as are set forth herein.

36. As for the allegations contained in paragraph 36 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

37. As for the allegations contained in paragraph 37 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

38. As for the allegations contained in paragraph 38 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

39. As for the allegations contained in paragraph 39 of the complaint, defendants reallege their response as are set forth herein.

40. As for the allegations contained in paragraph 40 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

41. As for the allegations contained in paragraph 41 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

42. As for the allegations contained in paragraph 42 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

43. As for the allegations contained in paragraph 43 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

44. As for the allegations contained in paragraph 44 of the complaint, defendants reallege their response as are set forth herein.

45. As for the allegations contained in paragraph 45 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

46. As for the allegations contained in paragraph 46 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

47. As for the allegations contained in paragraph 47 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

48. As for the allegations contained in paragraph 48 of the complaint, defendants reallege their response as are set forth herein.

49. As for the allegations contained in paragraph 49 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

50. As for the allegations contained in paragraph 50 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

51. As for the allegations contained in paragraph 51 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

52. As for the allegations contained in paragraph 52 of the complaint, defendants reallege their response as are set forth herein.

53. As for the allegations contained in paragraph 53 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

54. As for the allegations contained in paragraph 54 of the complaint, defendants admit the allegations contained therein.

55. As for the allegations contained in paragraph 55 of the complaint, defendants deny each and every allegation contained therein and the whole thereof.

## FIRST AFFIRMATIVE DEFENSE

56. The Complaint fails to state a claim upon which relief can be entered.

## SECOND AFFIRMATIVE DEFENSE

57. Any transfer was a contemporaneous exchange.

## THIRD AFFIRMATIVE DEFENSE

58. Any transfer was made in the ordinary course of business or according to ordinary business terms.

## FOURTH AFFIRMATIVE DEFENSE

59. After any alleged transfer, Defendants provided new value to or for the benefit of the Debtor.

## FIFTH AFFIRMATIVE DEFENSE

60. The aggregate value of any property transferred was less than $6,825.00

## SIXTH AFFIRMATIVE DEFENSE

61. Any transfer was received by Defendants in good faith and for value, and without knowledge of any voidability of any transfer.

# COUNTERCLAIM

62. This proceeding is an adversary proceeding within the meaning of Rule 7001 of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction over this proceeding pursuant to 11 U.S.C. sections 1334 and 157 and this proceeding is a core proceeding in the matter of HVI Cat Canyon, Inc., Bankruptcy Case No. 9:19-bk-11573-MB now pending in the United States Bankruptcy Court for the Central District of California, Northern Division.

63. Counterclaimant GRL, LLC is the holder of various royalty interests and overriding royalty interests with regard to oil and gas interests operated by the Debtor HVI Cat Canyon, Inc.

64. Counterdefendant Michael A. McConnell, is the duly appointed and acting Chapter 11 Trustee for Debtor HVI Cat Canyon, Inc.

65. At the time of his appointment, Counterclaimant is informed and believes and thereon alleges that Counterdefendant Michael A. McConnell received a trust account in the amount of 32,552.85 ("the trust account") for the August, 2019 Royalties. The amount was funded by royalty and overriding royalty payments payable to counterclaimant GRL, LLC.

66. Counterclaimant is informed and believes and thereon alleges that since his appointment, Counterdefendant Michael A. McConnell has received royalty and overriding royalty payments payable to counterclaimant GRL, LLC in the amounts set forth below:

$ 27,689.56     September/2019 Royalties

$ 29,532.01     October/2019 Royalties

$ 20,720.78     November/2019 Royalties

67. Counterclaimant is informed and believes and thereon alleges that for periods after November of 2019, counterdefendant Michael A. McConnell has received royalty and overriding royalty payments payable to counterclaimant GRL, LLC in unknown amounts.

68. The royalty and overriding royalty payments payable to counterclaimant GRL, LLC are property of GRL, LLC and not property of the Chapter 11 estate.

69. The actions of counterdefendant Michael A. McConnell in retaining the royalty and overriding royalty payments payable to counterclaimant GRL, LLC are wrongful acts inconsistent with the property rights of GRL, LLC.

70. GRL, LLC has been damaged by counterdefendant Michael A. McConnell's withholding of GRL, LLC's property in an amount to be demonstrated at trial, but in excess of $100,000.00.

71. HVI Cat Canyon, Inc. entered into a Lease Agreement effective March 1, 2007 between GLR, LLC as Landlord and Debtor as Tenant, for lease of HVI Cat Canyon, Inc.'s business premises.

72. Both HVI Cat Canyon, Inc. prior to appointment of a Trustee and Trustee Michael McConnell have used the business premises post filing.

73. Rent is owed in the amount of $5,000.00 per month since the inception of the case. No administrative rent has been paid.

Wherefore, Defendants GRL LLC and GLR, LLC and Counterclaimants GRL, LLC and GLR, LLC pray for relief as follows:

On Plaintiff's complaint, that the complaint be dismissed and that plaintiff take nothing by reason thereof;

On the Counterclaim by GRL, LLC, that judgment be granted in favor of GRL, LLC and against Michael McConnell, that the trust account and all other royalty and overriding royalty payments payable to counterclaimant GRL, LLC be delivered immediately to GRL, LLC;

On the Counterclaim by GLR, LLC, that judgment be granted in favor of GLR, LLC and against Michael McConnell and that the rent payable to counterclaimant GLR, LLC be delivered immediately to GLR, LLC.

Respectfully Submitted

Dated: 2/3, 2020    BEALL & BURKHARDT, APC

By: *William C. Beall*
William C. Beall, Counsel for
Defendants and Counterclaimants

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1114 State Street, Suite 200, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*):

Answer and Counterclaim

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 1/30/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
- **Eric P Israel**    eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Zev Shechtman**    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 2/3/2020_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Honorable Martin Barash**
**United States Bankruptcy Court**
**21041 Burbank Boulevard, Suite 342**
**Woodland Hills, CA 91367**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/3/2020 | William C. Beall | /s/ William C. Beall |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE